AVERILL, (SMITH v.) See Case No. 13,007.

———

### Case No. 670.
#### AVERILL v. TUCKER et al.
[2 Cranch, C. C. 544.] [1]
Circuit Court, District of Columbia. Dec. Term, 1824.

ATTACHMENT—WHO LIABLE AS GARNISHEES—PUBLIC AGENTS OF THE GOVERNMENT.

[A government agent for the payment of salaries and the treasurer of the United States

———

[1] [The following is the syllabus of this case, as reported by Hon. William Cranch, Chief Judge: "Quaere, whether the treasurer of the United States can be obliged to appear as garnishee and is liable to judgment for money in his hands as treasurer. An agent for the payment of the salaries of the clerks in an executive department of the government is bound to appear as garnishee when summoned. Quaere, whether the salary of an officer of the United States is liable to attachment."]

are public agents, and as such are not liable as garnishees on a judgment against an employe of the government, since such employe could not, on his part, maintain an action for his salary against such officers.]

[See Fischer v. Daudistal, 9 Fed. 145; Clinton's Case, 10 Op. Atty. Gen. 120; Derr v. Lubey, 1 MacArthur, 187. See, also, 5 Op. Atty. Gen. 759; 7 Op. Atty. Gen. 661.]

At law. Attachment upon a judgment under Act Md. 1795, c. 56. The attachment was laid in the hands of Lewis Edwards, agent for payment of the salaries of the officers in the department of war, and in the hands of Thomas Tudor Tucker, treasurer of the United States. The defendant, Nathaniel Cutting, was a clerk in the war department at a salary of $1,600 per annum payable quarter-yearly on the 1st of January, April, July, and October. The garnishees Edwards and Tucker were summoned on the 1st of April, 1823, before which day Mr. Cutting had drawn bills on Edwards, which he had accepted for the whole amount which would become due to Mr. Cutting on that day.

CRANCH, Chief Judge. This cause comes before the court on a motion by Mr. Swann, attorney of the United States for this district, ex officio, to quash or dismiss the attachment, no other garnishee being warned, and no other effects attached. On the part of the United States, it is contended that the garnishees are public agents, and as such received the money; for which they are accountable to the United States, and for which they are not liable to the suit of any individual. On the part of the plaintiff it is contended, that the act of Maryland has no exception. That the public character of the treasurer of the United States does not exempt him from obedience to the summons, nor from liability to pay to the plaintiff the money due by the United States to the defendant, if such should be the judgment of the court. The question depends, not on the official character of the person, but upon the nature of the thing to be done. Marbury v. Madison, 1 Cranch, [5 U. S.] 171; Little v. Barreme, 2 Cranch, [6 U. S.] 170. It is also contended that Edwards is not a public officer quoad hoc. Whether money due from the United States to an individual may be attached in the hands of an officer, or agent of the United States holding it in that capacity, is a question of considerable importance. In the case of Hodgson v. Dexter, 1 Cranch, [5 U. S.] 345, it was decided that a public agent, contracting for the United States, is not personally liable upon the contract; and surely the law will not raise an implied contract against a public agent who would not be bound by an express agreement. Mr. Cutting could not have maintained an action against the treasurer of the United States for his salary.

The liability of Mr. Edwards may be different. Can the money, while in his hands, be considered as in the custody of the United

States? or as the money of the United States? It has gone out of the treasury with all the usual forms. Is it charged to him on the books of the treasury? or is it charged to the respective officers whose salary he receives? Is he accountable to them, or to the United States? His official character, whatever it may be, does not appear in the record. That of Mr. Tucker appears by the return of the attachment. We think that Mr. Edwards must appear to the attachment and defend himself. The official character of Mr. Cutting does not appear in the record, and therefore we cannot come at the question, whether the salary of a public officer of the United States can be attached so as to starve him out of office. At present we have nothing before us but the writ of attachment and return; so that we cannot decide the points intended to be submitted to the court. Mr. Edwards afterwards appeared as garnishee and pleaded, that when the attachment was served on him, and for a long time before, he was and had been a clerk in the war department. That according to the usage of the department of war, a general warrant for the payment of the salaries of the officers in the war department was usually drawn from time to time as the salaries became due in favor of him the said Lewis Edwards, and that according to the said usage a general warrant for the payment of sundry salaries, becoming due on the 1st of April, 1823, was drawn by the secretary of the treasury in favor of him the said Lewis Edwards, agent for paying the said salaries, which warrant was carried through the necessary forms of the government, and the money placed by him in the office of discount and deposit at Washington to the credit of the said Lewis, agent for paying salaries as aforesaid; and that among the officers to whom the said money was to be distributed was the said Nathaniel Cutting, who became entitled, on the said 1st day of April, 1823, to $400 for one quarter's salary as clerk in the said war department, which said quarter's salary was payable to him, the said Nathaniel, when he should obtain from the treasurer of the United States his check for the payment of the same; which he never did obtain, and the said sum never was, in fact, in his hands as the money of the said N. Cutting, and therefore he saith that at the time the attachment was levied in his hands as aforesaid he had not in his hands any of the moneys or credits of the said N. Cutting, subject and liable to the attachment aforesaid.

And the said Lewis Edwards for further plea saith, that before the said quarter's salary became payable to the said N. Cutting as aforesaid, that is to say, between the 25th of November, 1822, and the 5th of March, 1823, he, the said N. Cutting, drew divers orders in favor of divers persons for different sums of money amounting altogether to $400, upon the said Lewis Edwards, agent as aforesaid, which said orders were drawn upon the

credit of his said quarter's salary becoming due as aforesaid on the said 1st day of April, 1823, as aforesaid, which said orders were accepted by him the said Lewis before the attachment aforesaid was levied in his hands, and so the said Lewis saith that at the time of the service of the attachment aforesaid there was no money, and could not have been any money of him the said N. Cutting in his hands which could be subject or liable to attachment as aforesaid, and this he the said Lewis is ready to verify, &c.

To the first of these pleas the plaintiff by his counsel, Mr. Morfit, demurred, and to the other joined issue upon the fact. Upon this demurrer, the court, at May term, 1826, was of opinion that Mr. Edwards was to be considered as an agent of the government, and that neither he nor the treasurer of the United States could be sued for the salary by Mr. Cutting, and therefore not liable as garnishees; and that if they could be sued as garnishees, it did not appear by the case agreed, (which was the same matter stated in the pleas,) that there were any effects, moneys, or credits, of Mr. Cutting in their hands at the time of the service of the writ of attachment. The plaintiff thereupon discontinued his suit.